


**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**

**AUSTIN**

GERALD C. MANN
ATTORNEY GENERAL

Honorable Alwin E. Pape
County Attorney
Guadalupe County
Seguin, Texas

Dear Sir:

Opinion No. O-3845
Re: Does Article 802c of the Penal
Code, by its language, cover
anything more than negligent
homicide as defined in the
Penal Code?

The following question is taken from your letter of
July 30, 1941, upon which you request the opinion of this
department:

"Does such Penal Code Art. 802c, by its lang-
uage, cover anything more than Negligent Homicide
as defined by P. C. Arts. 1230-1238-1239-1240; or
is it broad enough to cover P. C. Art. 1149, be-
ing assault with a motor vehicle; Art. 1241 P. C.,
and the Statutes on murder?"

Article 802, as amended by House Bill 73, 47th Legis-
lature, now reads:

"Any person who drives or operates an auto-
mobile or any other motor vehicle upon any pub-
lic road or highway in this State, or upon any
street or alley within the limits of an incor-
porated city, town or village, while such per-
son is intoxicated or under the influence of
intoxicating liquor, shall be guilty of a mis-
demeanor, and upon conviction shall be punished
by confinement in the County Jail for not less
than ten (10) days nor more than two (2) years
or by a fine of not less than Fifty Dollars
($50) nor more than Five Hundred Dollars ($500),
or by both such fine and imprisonment."

Honorable Alwin E. Pape, Page 2

Article 802c, Vernon's Annotated Penal Code, being
a new section added by Section 3 of House Bill 73, 47th
Legislature, reads as follows:

"Any person who drives or operates an
automobile or any other motor vehicle upon any
public road or highway in this State, or upon
any street or alley or any other place within
the limits of an incorporated city, town, or
village, while such person is intoxicated or
under the influence of intoxicating liquor,
and while so driving and operating such auto-
mobile or other motor vehicle shall through
accident or mistake do another act which if
voluntarily done would be a felony, shall
receive the punishment affixed to the felony
actually committed."

As to the facts submitted in your request, we do
not undertake to pass upon the criminal liability of the
person charged thereon, nor do we construe your letter as
requesting us to do so. We point out, however, that under
the facts submitted in your letter, we see no question in-
volving Article 802b of the Code contained in your request,
therefore it is unnecessary for us to consider this statute.

Article 42, Vernon's Annotated Penal Code, pro-
vides:

"One intending to commit a felony and who
in the act of preparing for or executing the
same shall through mistake or accident do an-
other act which, if voluntarily done, would be
a felony, shall receive the punishment affixed
to the felony actually committed."

Article 45 of the Code provides that the intention
to commit an offense is presumed whenever the means used is
such as would ordinarily result in the commission of the
forbidden act.

Article 1149, Vernon's Annotated Penal Code, pro-
vides:

"If any driver or operator of a motor
vehicle or motorcycle shall wilfully or with

negligence, as is defined in the Penal Code
of this State in the title and chapter on
negligent homicide, collide with or cause in-
jury less than death to any other person he
shall be held guilty of aggravated assault,
and, upon conviction, shall be punished by
fine not less than Twenty-five ($25.00) Dol-
lars, nor more than One Thousand ($1,000.00)
Dollars, or by imprisonment in jail not less
than one month nor more than two years, or
by both such fine and imprisonment; unless
such injuries result in death, in which event
the driver or operator of any motor vehicle
or motorcycle shall be dealt with under the
general law of homicide."

The general law of homicide is found in Chapters
11 - 16, inclusive, Articles 1201, et seq., of the Penal Code.
Article 1201 defines "homicide" as the destruction of the
life of one human being by the act, agency, procurement, or
culpable omission of another. Article 1202 provides that
the destruction of life must be complete by such act, etc.,
but although the injury which caused death might not under
other circumstances have proved fatal, yet if such injury be
the cause of death, without its appearing that there has
been any gross neglect or manifestly improper treatment of
the person injured, it is homicide.

Article 1241 of said Code provides:

"When one in the execution of or in at-
tempting to execute an act made a felony by
law shall kill another, though without an ap-
parent intention to kill, the offense does
not come within the definition of negligent
homicide."

Article 1256 of said Code provides:

"Whoever shall voluntarily kill any per-
son within this State shall be guilty of mur-
der. Murder shall be distinguished from every
other species of homicide by the absence of
circumstances which reduce the offense to
negligent homicide or which excuse or justify
the killing."

Honorable Alwin E. Pape, Page 4

In the case of Moynahan v. State, 146 S. W. (2d) 376, appellant was convicted of murder, it being alleged that Moynahan while driving and operating a motor vehicle upon a public street within the city of San Antonio, Texas, and while so operating and driving was under the influence of intoxicating liquor, and did then and there, through accident and mistake, kill deceased by striking the automobile of deceased, thereby jarring, bruising and breaking the body of deceased. The court instructed the jury with reference to Article 42, supra, which instruction was objected to on the ground that Article 42 had no application to the case but that Article 1241 was applicable. The court held that Article 1241, referred to, was not applicable to the case and that such article merely takes an offense, as the one charged, out of the act defining negligent homicide. It is observed that this opinion was rendered before the amendment to Article 802 making the offense of driving and operating a motor vehicle on a public highway or street, while under the influence of intoxicating liquor, a misdemeanor in the first instance. At the time of the opinion the offense of so driving a motor vehicle was a felony.

Judge Lattimore, speaking for the court on motion for rehearing, in the case of Burton v. State, 122 Tex. Cr. R. 363, 55 S. W. (2d) 813, 815, used the following language:

"In other words, the mere fact that a man is under the influence of intoxicating liquor while operating a car on a highway, this being in and of itself the commission of a felony, should not in reason and common sense make him guilty of murder, if he be operating the car correctly, and as a man should who was not under the influence of intoxicating liquor."

In Judge Lattimore's opinion in the foregoing case, he clearly sets forth the proper interpretation to be placed on Article 42 of the Penal Code, particularly the phrase "one intending to commit a felony and who . . . shall through accident and mistake" do another act. Thus, in cases charging homicide, involving driving an automobile while under the influence of intoxicating liquor, where the commission of an offense is charged under Article 42, the Court of Criminal Appeals consistently required, in addition to proof that the accused was under the influence of intoxicating liquor, proof that the collision and death of the deceased

Honorable Alwin E. Pape, Page 5

was brought about or attributable to the manner in which the accused handled this car. Moynahan v. State, 146 . W. (2d) 376; Norman v. State, 121 Tex. Cr. R. 433, 52 S. W. (2d) 1051; Jones v. State, 127 Tex. Cr. R. 227, 75 S. W. (2d) 683; Collins v. State, 130 Tex. Cr. R. 386, 94 S. W. (2d) 443. Such, the court said in Collins v. State, supra, are issues of fact to be determined by the jury under appropriate instructions from the court. An approved charge on this question is found in the Moynahan case above cited.

In Cockrell v. State, 135 Tex. Cr. R. 218, 117 S. W. (2d) 1105, the defendant was convicted of murder with malice, and on appeal the case was affirmed. The court in the indictment upon which the jury found its verdict charged simply, that defendant "unlawfully, voluntarily and with malice aforethought" killed deceased by striking with an automobile. The second count of the indictment, submitted to the jury along with the first count, charged that in the execution of an unlawful and felonious act, through accident and mistake, appellant drove an automobile against the deceased children.

Quoting Articles 1149 and 1201, supra, the court in the Cockrell case said that a person driving an automobile who injures another by the willful and negligent use of such automobile, thereby causing the death of such person, does not necessarily come within the provisions of the law denouncing negligent homicide. In the case the court followed State v. Trott, 190 N. C1 674, 130 S. E. 627, 42 A. L. R. 1114, and quoted therefrom the following:

"Murder in the second degree or murder at common law, is the unlawful killing of a human being with malice aforethought. Malice does not necessarily mean an actual intent to take human life. It may be inferential or implied, instead of positive, as when an act which imports danger to another is done so recklessly or wantonly as to manifest depravity of mind and disregard of human life."

It appears by the provisions of Article 802c of the Penal Code, that the Legislature has merely combined in a special law relating to driving while intoxicated or while under the influence of intoxicating liquor, essential features of Article 42 making it an offense where one so operating the automobile commits a felony, without the necessity of such person intending to commit or being in the act of

Honorable Alwin E. Pape, Page 6

preparing for or executing a felony at the time another act, which being voluntarily done, is committed. By the provisions of Article 802, as amended, the offense of driving while intoxicated or under the influence of intoxicating liquor has been reduced in grade from a felony to a misdemeanor. In prosecutions under the provisions of Article 802c, therefore, the foregoing cases involving the offenses formerly charged and prosecuted under Article 42, compliment to Article 802, as it formerly existed, are of immense value in their construction of the law here to be considered, for the greater part unchanged as we view it, in offenses charged under Article 802c, supra.

In charging an offense of negligent homicide under Article 802c, which offense contains no element of intent, Article 1241 would not longer be applicable so as to remove the offense from that grade defining negligent homicide. This article is only applicable where one is in the <u>execution of or attempting to execute an act made a felony which results in killing another person.</u>

It is our view that by the language of Article 802c, supra, the Legislature has imposed criminal liability to the act of driving while intoxicated or under the influence of intoxicating liquor. By Article 802, this offense in itself is malum prohibitum and under Articles 1149 and 1201, dependent upon the circumstances under which the accident causing the death occurs, such act charged under Article 802c may be malum in se from which the intention to commit the offense as expressed in Article 45 of the Penal Code, is presumed. 5 Am. Jur. | 792, p. 928, 29; Cockrell v. State, 135 Tex. Cr. R. 218, 117 S. W. (2d) 1105. In the Cockrell case, Judge Graves, speaking for the court, cites with approval the following language from Goodman v. Commonwealth, 153 Va. 943, 151 S. E. 168:

"When men, while drunk or sober, drive automobiles along highways, and through crowded streets recklessly, the killing of human beings is a natural and probable result to be anticipated. When homicide follows as a consequence of such conduct, a criminal intent is imputed to the offender, and he may be punished for his crime. The precise grade of such a homicide, whether murder or manslaughter, depends upon the facts of the particular case."

Honorable Alwin E. Pape, Page 7

It is therefore the opinion of this department that the provisions of Article 802c, Vernon's Annotated Penal Code, construed with Articles 1149 and 1201, supra, and 1256 of said Code, the latter article defining "murder", is sufficiently broad to support an indictment charging murder, with or without malice. Article 1241 of said Code is no longer applicable to take the offense charged out of the definition of negligent homicide, because of the amendment to Article 802; Article 1241 relating to the execution or attempted execution of a felony; a violation of Article 802 being a specific misdemeanor offense.

Article 802c is a new article and is apparently intended to make a new rule applicable to the specific offense defined by Article 802, which is a misdemeanor offense. The obvious purpose in enacting 802c is to apply the rule announced in Article 42, which applies to felonies general- ly, to the one specific misdemeanor offense, "drunk driving", Article 802. If the offense denounced by Article 802 had remained a felony, there would have been no occasion for the enactment of Article 802c, because Article 42 would be applicable.

It therefore follows that the decisions of the Court of Criminal Appeals construing Article 42 as applied to "drunk driving" while said offense was a felony, would apply with equal force now to Article 802c; that the offenses sustained in the operation of the former would apply now to the latter; and that your question must be specifically answered that Article 802c does cover more than negligent homicide.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 12, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By
Wm. J. R. King
Assistant

By
Benjamin Woodall
Assistant

WJRK:GO

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN